United States District Court
Southern District of Texas
**ENTERED**
August 27, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Maileidis Rodriguez-Roger, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-2623 |
| | § | |
| Todd Blanche,[1] *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Maileidis Rodriguez-Roger is a native and citizen of Cuba who concedes that she unlawfully entered the United States in 2022. Doc. 1 ¶ 18. On March 18, 2026, she was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b)(2)(A), and is presently in the custody of Respondent, Warden of the Houston Contract Detention Facility, in Houston, Texas. Docs. 1 ¶ 22; 9 at 2; *see also* U.S. Immigration and Customs Enforcement, *Online Detainee Locator System*, https://locator.ice.gov/odls/ (last visited August 19, 2026). On June 22, 2026, an immigration judge ordered Petitioner removed to Cuba, but Petitioner's appeal of the

[1] The Petition names Kristi Noem in her official capacity as Secretary of the United States Department of Homeland Security, Pamela Bondi in her official capacity as United States Attorney General, and Bret Bradford in his official capacity as Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. *See* Doc. 1. Ms. Noem, Ms. Bondi, and Mr. Bradford ceased holding office while this action remained pending, so their successors—Markwayne Mullin, Todd Blanche, and Gabriel Martinez, respectively—are automatically substituted as Respondents in this action. The Clerk of Court is DIRECTED to update the docket sheet accordingly.

removal order remains pending with the Board of Immigration Appeals. *See* Doc. 9-1; Executive Office for Immigration Review, *Automated Case Information System*, https://acis.eoir.justice.gov/en (last visited August 12, 2026). Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that her present detention without a bond hearing violates (i) substantive due process; (ii) procedural due process; (iii) the separation of powers doctrine; and (iv) general constitutional restrictions on unlawful arrest. *Id.* ¶¶ 46–61.

Now before the Court is Respondents' Motion for Summary Judgment,[2] Doc. 9, to which Petitioner has responded in opposition, Doc. 10.[3] Respondents maintain that Petitioner is not entitled to a bond hearing because she is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending her removal proceedings. *See* Doc. 9 at 4; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved Petitioner's due process challenges, determining the government may subject aliens awaiting a final removal order to mandatory detention

---

[2] Respondents failed to respond to the Court's Order for Responsive Briefing, Doc. 7, within the allotted 14 days. They subsequently filed a motion for Leave, Doc. 8, along with their Motion for Summary Judgment, Doc. 9. The Court GRANTS Respondents' Motion for Leave because their failure to respond resulted from excusable neglect and Petitioner did not oppose the request for leave.

[3] In her Reply, Petitioner principally relies on the Fifth Circuit's panel opinion in *Sosnava Rodriguez v. Ortega*, but the Circuit has since ordered the cause reheard *en banc* and vacated that opinion pursuant to Fifth Circuit Rule 41.3. *See* On Petition for Rehearing En Banc, No. 26-50183, (5th Cir. July 10, 2026), Doc 174-1. As such, the Court is not bound by the panel opinion's holding or rationale.

under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). This Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally[4] permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).[5]

As such, Respondents' Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 27th of August, 2026.

Nicholas J. Ganjei
United States District Judge

---

[4] Petitioner asserts that her arrest was unlawful. Doc. 1 ¶¶ 59–63. Petitioner does not clarify whether her arrest violated the Fourth Amendment, the *Accardi* Doctrine, or some other constitutional doctrine. Regardless, the Court rejects this argument as a ground for habeas relief because even if Petitioner's arrest was unlawful, "an illegal arrest has no bearing on the legality of detention following that arrest." *Campos Bernal v. Frink*, 4:26-cv-2239, at *7 (S.D. Tex. June 23, 2026); *see also Espinal Herrera v. Frink*, 4:26-cv-3201 (S.D. Tex. July 17, 2026) (rejecting Fourth Amendment challenge to arrest preceding immigration detention on same rationale).

[5] To the extent Petitioner argues her present detention constitutes "arbitrary and capricious" government action violative of the Due Process Clause, *see* Doc. 1 at 55–58, the Court has also considered and rejected this argument. *Campos Bernal*, 4:26-cv-2239, 2026 WL 1804234, at *4 n.4.